**NOT FOR PUBLICATION**

APR 27 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE FELIPE AREVALO-TICAS, | No. 11-73285 |
| Petitioner, | Agency No. A088-016-851 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jose Felipe Arevalo-Ticas, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Arevalo-Ticas failed to establish past persecution or a fear of future persecution on account of a protected ground based on threats and extortion by gang members in El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We do not consider Arevalo-Ticas's social group claim because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Arevalo-Ticas does not contend the BIA erred in finding that his social group claim was not properly before it, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Arevalo-Ticas's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

We lack jurisdiction to review the denial of Arevalo-Ticas's CAT claim, because he failed to exhaust his challenge before the BIA.  *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**